UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHALLON SPATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:23-cv-02009 (UNA) |
| | ) | |
| | ) | |
| THOMAS J. VILSACK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained below, the court will grant the IFP application and dismiss the complaint, and this matter, without prejudice.

Plaintiff attempts to sue the U.S. Secretary of the Department of Agriculture ("USDA") for damages arising from alleged employment discrimination based on sex, arising from violations of the Equal Pay Act of 1963 and the Fair Labor Standards Act of 1938.  The complaint, at best, is boilerplate, and attaches exhibits that have no bearing on an employment discrimination claim, *see* D.C. LCvR 5.1(e).

Plaintiff alleges that, on July 12, 2023, defendant retaliated against her by failing to "onboard" her or properly compensate her. But plaintiff provides no details make out a colorable claim for employment discrimination or retaliation; she does not articulate the specific acts or the context of the alleged wrongdoing she allegedly endured, or any protected activity she engaged in. She does not state what actually happened, or where, or by whom.  Indeed, even the nature of her employment or intended employment is completely unclear.

Notably, although plaintiff broadly references discrimination based on her sex, she has proposed no facts to support such an allegation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of discrimination are "not entitled to be assumed true"). Plaintiff cannot "merely invoke" her sex or gender "in the course of a claim's narrative and automatically be entitled to pursue relief." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990). Put differently, "[e]vents may not have unfolded as [p]laintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" of a claim to violation of a fundamental right. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Iqbal,* 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79). Plaintiff has failed to meet this minimum pleading standard and has thus failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8(a).

Additionally, plaintiff has filed a flurry of other submissions and motions that only serve to further obscure any plausible viable claim. First, she has filed a notice of related case, ECF No. 3, along with a "motion to adjudicate [this case] with [a] Superior Court criminal case," ECF No. 5. In those submissions, plaintiff asks the court to consolidate this case with an active criminal case brought against her in the Superior Court of the District of Columbia, "as proof of retaliation amongst the agency for which [she is] employed[,]" and then oversee both cases in this District.

However, the court has no authority to grant plaintiff such relief. This court generally lacks jurisdiction to review the decisions or to enjoin the actions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). More, this court is fundamentally prohibited from intervening in local criminal proceedings, due to "the fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46. (1971); *see also* 28 U.S.C. § 2244(d)(1)(a), (d)(2).

Second, plaintiff has filed a motion to terminate, ECF No. 10, her "SSDI/Medicare Benefits," because she "is able to work and [her] health insurance should be covered through wages from USDA." But this motion has no bearing on her claims for employment discrimination, adding confusion to plaintiff's mélange claims. Moreover, plaintiff provides no legal authority, nor is the court aware of any, that would allow it to unilaterally terminate her federal benefits, as she has requested. Indeed, either plaintiff or her employer must set about formally and administratively resolving this issue with the appropriate agencies. *See, e.g.*, 20 CFR § 416.1333. Similarly, she has filed a "motion for issuance of LincPass," ECF No. 11, which apparently would provide plaintiff with access to USDA and other related sensitive federal internal systems and databases. Once again, plaintiff provides neither a factual basis for this motion nor any legal authority under which this court is authorized to unilaterally grant such relief at this juncture.

Finally, plaintiff has filed three motions for subpoenas, ECF Nos. 6–8, which are premature and fail to state a basis for relief, and a motion for contempt, ECF No. 9, against the defendant, which is also groundless.

Accordingly, and for the above stated reasons, plaintiff's IFP application is granted, and this matter is dismissed without prejudice. Plaintiff's motion to adjudicate, motions for subpoenas, motion for contempt, motion for termination of benefits, and motion for issuance of LincPass, are all denied. A separate order accompanies this memorandum opinion.

Date: 7/31/23

TREVOR N. McFADDEN
United States District Judge